VENABLE LLP
Steven E. Swaney (221437)
seswaney@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant
SNAP RTO LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL SPRUELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAP RTO, LLC, a Utah limited liability company,<br><br>Defendant. | Case No.<br><br>[Alameda County Superior Court Case No. RG 20080681]<br><br>**DEFENDANT SNAP FINANCE LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)**<br><br>**CLASS ACTION**<br><br>Action Filed: November 12, 2020<br>Removal:      September 13, 2021 |

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

# NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Snap RTO LLC, by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda, in which it is now pending, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the grounds that the action asserts a claim arising under federal law and therefore falls under this Court's original jurisdiction. Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal, and attached hereto are copies of all process, pleadings, and orders served to date in this case.

## I. PROCEDURAL HISTORY

1. On November 12, 2020, Plaintiff April Spruell, individually and on behalf of all others similarly situated, filed this action, captioned *April Spruell v. Snap RTO, LLC*, Civ. Action No. RG200080681, in the Superior Court of the State of California for the County of Alameda (the "Action"). True and correct copies of Plaintiff's Summons and Complaint and Civil Case Cover Sheet are attached as Exhibit 1 to the Declaration of Steven E. Swaney.

2. Snap was served with the Summons and Complaint (the "Original Complaint") on December 3, 2020. Swaney Decl. ¶ 2.

3. Plaintiff's claims are based on a rental-purchase agreement that she and Snap entered into on September 18, 2020. *See* Ex 1 at ¶¶ 14-16. Specifically, the Original Complaint alleged that Snap violated California's Karnette Rental-Purchase Act, Cal. Civ. Code §§ 1812.260 *et seq.*, by including a $39 processing fee as part of the rental-purchase agreement. *Id*. Based on these allegations, the Original Complaint plead causes of action under the Karnette Act, California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1761 *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. *See id.* ¶¶ 29-41.

4. On September 9, 2021, Plaintiff filed a First Amended Complaint (the "FAC") in this action. Swaney Decl. Ex. 2. For the first time, the FAC added a claim under federal law against Snap—*i.e.*, a cause of action under the Electronic Funds Transfer Act (the "EFTA"), 15

U.S.C. § 1693 et seq. Ex. 2 at ¶¶ 39-41. Snap was served with the FAC on September 9, 2021. Swaney Decl. ¶ 3.

## II.     GROUNDS FOR REMOVAL

5.     This action is now removable pursuant to 28 U.S.C. § 1441(a) because Plaintiff has asserted a federal claim over which this Court has original jurisdiction under 28 U.S.C. § 1331. Specifically, the FAC filed on September 9 added a claim for violation of the EFTA alleging that Snap's transfer of funds from Plaintiff's bank account via a debit transaction was unauthorized and therefore a violation of federal law. Accordingly, removal is proper based on the Court's federal-question jurisdiction over Plaintiff's EFTA claim. *See, e.g.*, *Wisconsin Dept. Of Corrections v. Schacht*, 524 U.S. 381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.").

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because the claims share a common nucleus of operative fact and form part of the same case or controversy as the federal claim. Plaintiff's federal and state law claims arise out of the same contract that the subject of this action, and they are all premised on the allegation that charges Snap imposed on Plaintiff pursuant to that contract were unlawful and unauthorized under both state and federal law. *See* Ex. 2 (FAC) ¶¶ 26-41. Accordingly, the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) (district courts have supplemental jurisdiction over claims "that are so related to claims in th[e] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir.1995) (supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction and there is "a common nucleus of operative fact between the state and federal claims").

7.     None of the grounds upon which the Court may decline to exercise supplemental jurisdiction are present here. *See* 28 U.S.C. § 1367(c). Plaintiff's state claims are not novel or complex and do not substantially predominate over the federal claim; the federal claim has not

been dismissed; and there are no exceptional circumstances or compelling reasons for declining jurisdiction. Consequently, this Court must exercise supplemental jurisdiction over Plaintiff's state law claims. *See, e.g.*, *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Central Dist. of Cal.*, 24 F.3d 1545, 1556 (9th Cir. 1994) ("If the claim is within the court's supplemental jurisdiction, the court must exercise such jurisdiction unless one of the four categorical exceptions in § 1367(c) is satisfied.") (internal quotation marks omitted), *overruled on other grounds by Cal. Dept. of Water Resources v. Powerex Corp.*, 553 F.3d 1087 (9th Cir. 2008).

### III. THIS NOTICE IS TIMELY

8. Snap has thirty days from date of service to file the notice of removal. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading").

9. Here, Plaintiff filed the FAC on September 9, 2021, and Snap was served with the FAC on September 9, 2021. Thus, the thirty-day removal period began to run on September 9, 2021.

10. The FAC was the first pleading from which it could first be ascertained that this action is removable based on federal question jurisdiction, as the Original Complaint only asserted claims under state law. *See* Ex. 1. Because Snap filed this Notice of Removal within thirty days of September 9, 2021, the date on which grounds for federal jurisdiction were evident, the removal is timely. *See* 28 U.S.C. § 1446(b)

### IV. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11. This Notice of Removal is properly filed in the United States District Court for the Northern District of California because the Superior Court of the State of California for the County of Alameda is located in this judicial district. *See* 28 U.S.C. § 1441(a).

12. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

13. Consent to federal jurisdiction is not necessary because Snap RTO, LLC is the sole defendant.

14. No previous application has been made for the relief requested herein.

15. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders served upon Snap in this action are attached. *See* Swaney Decl. Exs. 1 – 3.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of Alameda.

17. No admission of fact, law or liability is intended by this Notice of Removal, and Snap expressly reserves all defenses, counterclaims and motions otherwise available to it.

**V.  CONCLUSION**

For the foregoing reasons, Snap respectfully requests that this Court exercise jurisdiction over this Action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings of this matter in the Superior Court of the State of California for the County of Alameda. Snap further requests such other and further relief as the Court deems appropriate.

Dated:  September 13, 2021

VENABLE LLP

By:  /s/ *Steven E. Swaney*
Steven E. Swaney

*Attorneys for Defendant*
SNAP RTO LLC